United States District Court
Eastern District of Michigan
Southern Division

United States of America,

        Plaintiff,

                            Case No. 22-cr-20380

v.

Petar Vuk Pejic,                  Hon. F. Kay Behm
                                      United States District Judge

        Defendant.

_____ /

# Plea Agreement

The United States of America and the defendant, Petar Vuk Pejic, have reached a plea agreement under Federal Rule of Criminal Procedure 11. The plea agreement's terms are:

## 1.    Counts of Conviction

The defendant will plead guilty to Count 1 and Count 3 of the Indictment. Count 1 charges the defendant with Sexual Exploitation of a Minor under 18 U.S.C.§ 2251(a). Count 3 charges the defendant with Distribution of Child Pornography under 18 U.S.C. § 2252A(a)(2).

2.      **Statutory Minimum and Maximum Penalties**

The defendant understands that the counts to which he is

pleading guilty carry the following minimum and maximum statutory

penalties:

| Count 1 | Term of imprisonment: | At least 15 years and up to 30 years |
| | Fine: | Up to $250,000 |
| | Term of supervised release: | At least 5 years and up to life |
| Count 3 | Term of imprisonment: | At least 5 years and up to 20 years |
| | Fine: | Up to $250,000 |
| | Term of supervised release: | At least 5 years and up to life |

The defendant further understands that the Court has the

discretion to run the sentences of imprisonment on the counts of

conviction consecutively to each other.

The defendant understands that Count 1 requires a mandatory

minimum sentence of 180 months' imprisonment and that the Court

may not impose a sentence on that count below the mandatory

minimum.

The defendant also understands that Count 3 requires a mandatory minimum sentence of 60 months' imprisonment and that the Court may not impose a sentence on that count below the mandatory minimum.

**3.    Agreement to Dismiss Remaining Charges**

If the Court accepts this agreement and imposes sentence consistent with its terms, the United States Attorney's Office for the Eastern District of Michigan will move to dismiss any remaining charges in the indictment against the defendant in this case. Specifically, the United States Attorney's Office will move to dismiss Count 2 of the Indictment, which charges defendant with Sexual Exploitation of a Minor.

**4.    Agreement Not to Bring Additional Charges**

If the Court accepts this agreement and imposes sentence consistent with its terms, the United States Attorney's Office for the Eastern District of Michigan will not bring additional charges against the defendant for the conduct reflected in the factual basis.

**5.    Elements of Counts of Conviction**

The elements of Count 1 are:

1. The defendant employed, used, persuaded, induced, enticed, or coerced a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct; and

2. The defendant knew or had reason to know that the visual depiction would be transported or transmitted using any means or facility of interstate commerce or in or affecting interstate or foreign commerce; or the visual depiction was produced or transmitted using materials that were mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer; or the visual depiction was transported or transmitted using any means or facility of interstate commerce or in or affecting interstate commerce.

The elements of Count 3 are:

1. The defendant knowingly distributed any child pornography or material containing child pornography;

2. The defendant knew that the material was child pornography or contained child pornography; and

3. The child pornography or material containing child pornography was distributed using any means or facility of interstate or foreign commerce, or had been shipped or transported in or affecting interstate or foreign commerce by any means, including by computer.

**6.    Factual Basis**

The parties agree that the following facts are true, accurately describe the defendant's role in the offenses, and provide a sufficient factual basis for the defendant's guilty plea:

> On or about February 11, 2022, in the Eastern District of Michigan and elsewhere, the defendant, Petar Vuk Pejic, knowingly employed, used, persuaded, induced, enticed, or coerced a 12-year old minor, MV-1, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct. Pejic knew, or had reason to know, that the visual depiction would be transported or transmitted using any means or facility of interstate commerce, and the visual depiction was transported or transmitted using any means or facility of interstate commerce or in or affecting interstate commerce. On that day, while communicating with MV-1 via the internet on a social media application, the defendant requested MV-1 send videos of herself masturbating.   MV-1 subsequently sent videos to the defendant of herself touching and rubbing her naked genital area.

> On or about February 22, 2022, in the Eastern District of Michigan and elsewhere, the defendant, Petar Vuk Pejic, knowingly distributed material containing child pornography, as defined in 18 U.S.C. § 2256(8), which he knew contained child pornography, using a means or facility of interstate or foreign commerce.   Days prior to February 22, 2022, the defendant travelled from the state of Florida to the state of Michigan for the purpose of engaging in illicit sexual conduct with MV-1. On February 22, 2022, the defendant picked up MV-1 in a vehicle and took her to a hotel. At the hotel, the defendant instructed MV-1 how to perform oral sex.   MV-1 then performed oral sex on the defendant while he recorded the incident on his cellular telephone. The defendant then

sent the video to MV-1 via the internet on a social media application.

**7.     Stipulated Offenses**

The parties stipulate under USSG § 1B1.2(c) that the defendant has committed the following additional offenses and that his sentencing guidelines should be calculated as if he had been convicted of additional counts charging those offenses:

A.     In February and March of 2022, in the Western District of Washington and elsewhere, the defendant, using a facility and means of interstate and foreign commerce, knowingly persuaded, induced, enticed, and coerced an individual who had not attained the age of 18 years, MV-2, a 15-year old minor, to engage in sexual activity for which any person could be charged with a criminal offense. On or about March 11, 2022, in the Western District of Washington and elsewhere, the defendant travelled from the state of Florida to the state of Washington for the purpose of engaging in illicit sexual conduct with MV-2, all in violation of 18 U.S.C. §§ 2422(b) and 2423(b).

B.     In February and March of 2022, in the District of Oregon and elsewhere, the defendant, using a facility and means of

interstate and foreign commerce, knowingly persuaded, induced, enticed, and coerced an individual who had not attained the age of 18 years, MV-3, a 14-year old minor, to engage in sexual activity for which any person could be charged with a criminal offense. On or about March 12, 2022, in the District of Oregon and elsewhere, the defendant travelled from the state of Washington to the state of Oregon for the purpose of engaging in illicit sexual conduct with MV-3, all in violation of 18 U.S.C. §§ and 2422(b) and 2423(b).

C.      Beginning on a date unknown and continuing to on or about March 22, 2022, in the Southern District of Florida, the defendant knowingly possessed, received, and distributed child pornography, the production of which involved the use of a minor, which had been shipped or transported in interstate or foreign commerce by any means, including by computer, or that had been produced using materials that had been mailed or shipped or transported in interstate or foreign commerce by any means, including by computer, and the defendant knew that such items contained and constituted child pornography, in violation of 18 U.S.C. § 2252A(a)(2) and (a)(5).

8.    **Advice of Rights**

The defendant has read the Indictment, has discussed the charges and possible defenses with his attorney, and understands the crimes charged. The defendant understands that, by pleading guilty, he is waiving many important rights, including the following:

A.    The right to plead not guilty and to persist in that plea;

B.    The right to a speedy and public trial by jury;

C.    The right to be represented by counsel—and, if necessary, have the court appoint counsel—at trial;

D.    The right to be presumed innocent and to require the government to prove the defendant guilty beyond a reasonable doubt at trial;

E.    The right to confront and cross-examine adverse witnesses at trial;

F.    The right to testify or not to testify at trial, whichever the defendant chooses;

G.    If the defendant chooses not to testify at trial, the right to have the jury informed that it may not treat that choice as evidence of guilt;

H.     The right to present evidence or not to present evidence at

trial, whichever the defendant chooses; and

I.     The right to compel the attendance of witnesses at trial.

## 9.     Collateral Consequences of Conviction

The defendant understands that his convictions here may carry

additional consequences under federal or state law. The defendant

understands that, if he is not a United States citizen, his convictions

here may require him to be removed from the United States, denied

citizenship, and denied admission to the United States in the future.

The defendant further understands that the additional consequences of

his convictions here may include, but are not limited to, adverse effects

on the defendant's immigration status, naturalized citizenship, right to

vote, right to carry a firearm, right to serve on a jury, and ability to hold

certain licenses or to be employed in certain fields. The defendant

understands that no one, including the defendant's attorney or the

Court, can predict to a certainty what the additional consequences of

the defendant's convictions might be. The defendant nevertheless

affirms that the defendant chooses to plead guilty regardless of any

immigration or other consequences from his convictions.

**10.    Defendant's Guideline Range**

**A.    Court's Determination**

The Court will determine the defendant's guideline range at

sentencing.

**B.    Acceptance of Responsibility**

The government recommends under Federal Rule of Criminal

Procedure 11(c)(1)(B) that the defendant receive a two-level reduction

for acceptance of responsibility under USSG § 3E1.1(a). Further, if the

defendant's offense level is 16 or greater and the defendant is awarded

the two-level reduction under USSG § 3E1.1(a), the government

recommends that the defendant receive an additional one-level

reduction for acceptance of responsibility under USSG § 3E1.1(b). If,

however, the government learns that the defendant has engaged in any

conduct inconsistent with acceptance of responsibility—including, but

not limited to, making any false statement to, or withholding

information from, his probation officer; obstructing justice in any way;

denying his guilt on the offenses to which he is pleading guilty;

committing additional crimes after pleading guilty; or otherwise

demonstrating a lack of acceptance of responsibility as defined in USSG

§ 3E1.1—the government will be released from its obligations under this paragraph, will be free to argue that the defendant not receive *any* reduction for acceptance of responsibility under USSG § 3E1.1, and will be free to argue that the defendant receive an enhancement for obstruction of justice under USSG § 3C1.1.

### C.   Other Guideline Recommendations

The parties also recommend under Federal Rule of Criminal Procedure 11(c)(1)(B) that the following guideline provisions apply to the defendant's guideline calculation on Count 1:

- 2G2.1(a): Base offense level.

- 2G2.1(b)(1)(A): Offense involved a minor who had not attained the age of twelve years.

- 2G2.1(b)(2)(A): Offense involved commission of sexual act or sexual contact.

- 2G2.1(b)(3): Defendant knowingly engaged in distribution.

- 2G2.1(b)(6)(B): Offense involved the use of a computer.

The parties also recommend under Federal Rule of Criminal Procedure 11(c)(1)(B) that the following guideline provisions apply to the defendant's guideline calculation on Count 3:

- 2G2.2(a)(2): Base offense level.

- 2G2.2(b)(3)(B): Distribution in exchange for any valuable consideration other than pecuniary gain.

- 2G2.2(b)(5): Pattern of activity involving sexual exploitation of a minor.

- 2G2.2(b)(7)(B): Offense involved the use of a computer.

- 2G2.2(b)(7)(C): Offense involved 300-600 images.

The parties also recommend under Federal Rule of Criminal Procedure 11(c)(1)(B) that the following guideline provisions apply to the defendant's guideline calculation on the stipulated offenses:

- 2G1.3(a)(3):  18 U.S.C. § 2422(b)

- 2G1.3(b)(2)(B):  Defendant unduly influenced minor to engage in prohibited sexual conduct.

- 2G1.3(b)(4)(A):  Offense involved commission of sex act or sexual contact.

### D.    Factual Stipulations for Sentencing Purposes

The parties have no additional factual agreements for sentencing purposes.

### E.    Parties' Obligations

Both the defendant and the government agree not to take any position or make any statement that is inconsistent with any of the guideline recommendations or factual stipulations in paragraphs 10.B, C, or D. Neither party is otherwise restricted in what it may argue or present to the Court as to the defendant's guideline calculation.

### F.    Not a Basis to Withdraw

The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if he disagrees, in any way, with the guideline range determined by the Court, even if that guideline range does not incorporate the parties' recommendations or factual stipulations in paragraphs 10.B, C, or D. The government likewise has no right to withdraw from this agreement if it disagrees with the guideline range determined by the Court.

## 11.   Imposition of Sentence

### A.    Court's Obligation

The defendant understands that in determining his sentence, the Court must calculate the applicable guideline range at sentencing and must consider that range, any possible departures under the sentencing

guidelines, and the sentencing factors listed in 18 U.S.C. § 3553(a), and apply any applicable mandatory minimums.

### B.   Imprisonment

#### 1.   Agreement

Under Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agree that a total sentence of at least 360 months, but not more than 600 months, is the appropriate disposition of the case.

The parties further agree that the Court may order the sentences on Count 1 and Count 3 to be served concurrently or consecutively, in whole or in part, in order to achieve the agreed-upon sentence.

#### 2.   Limited Right to Withdraw

If the Court rejects the agreement by deciding to impose a sentence of imprisonment higher than permitted by paragraph 11.B.1, the defendant will be permitted to withdraw his guilty plea. That is the only reason the defendant may withdraw his guilty plea. If the defendant decides not to withdraw his guilty plea in those circumstances, the defendant agrees that the Court may impose a

sentence higher than permitted by paragraph 11.B.1 and that all other provisions in this agreement will remain in effect.

If the Court rejects the plea agreement by deciding to impose a sentence of imprisonment lower than permitted by paragraph 11.B.1, or by rejecting or purporting to reject any other term or terms of this agreement, the government will be permitted to withdraw from this agreement.

### C.   Supervised Release

#### 1.   Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the parties recommend that the Court impose a five-year term of supervised release.

#### 2.   No Right to Withdraw

The parties' recommendation is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the parties' recommendation. The defendant also understands that the government's recommendation concerning the length of the defendant's sentence of imprisonment, as described above in paragraph 11.B.1, will

not apply to or limit any term of imprisonment that results from any later revocation of the defendant's supervised release.

### D.    Fines

The parties have no agreement as to a fine.

### E.    Restitution

The Court must order restitution to every identifiable victim of the defendant's offenses. Defendant agrees to pay restitution to any identifiable victim associated with Counts 1 and 3 of the Indictment and the stipulated offenses, and any identifiable victim associated with the relevant conduct for his offenses and the factual basis. 18 U.S.C. § 3663(a)(1). Defendant further agrees that MV-1, MV-2, and MV-3 are identifiable victims of his offense conduct and/or stipulated offenses, and he agrees to pay restitution to MV-1, MV-2, and MV-3. There is no recommendation or agreement as to the amounts of restitution owed to MV-1, MV-2, and MV-3. The Court will determine at sentencing the amount of restitution owed to MV-1, MV-2, and MV-3.

The defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. 18 U.S.C. §§ 3612(c) and

3613. If the Court imposes a schedule of payments, the defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

The defendant agrees to make a full presentence disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form and the accompanying releases for the purpose of determining his ability to pay restitution. The defendant agrees to complete and return the Financial Disclosure Form within three weeks of receiving it from government counsel. The defendant agrees to participate in a presentencing debtor's examination if requested to do so by government counsel.

## F.    Forfeiture

As part of this agreement, pursuant to 18 U.S.C. § 2253, defendant agrees to forfeit his interest in the following:

1.  Any visual depiction described in Title 18, United States Code, Sections 2251, 2251A, or 2252, 2252A, 2252B, or 2260, or any book, magazine, periodical, film, videotape, or other matter

which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of these subsections;

2. Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained as a result of Title 18, United States Code, Sections 2252A(a)(2) and/or 2422(b); and

3. Any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property, including, but not limited to:

- Google Pixel 3XL

- Blue LG cellular phone in purple case, IMEI: 359275-09-096304-7

- Segotep CPU Tower

Defendant agrees that the subject property is forfeitable to the United States pursuant to 18 U.S.C. § 2253, as property involved in defendant's violations because the property was used to commit or promote the commission of the violations, and/or contains depictions of child pornography.

Following the entry of this plea agreement and upon application by the United States, defendant agrees to the entry of one or more orders of forfeiture of his interests in the above referenced property, including the entry of a Preliminary Order of Forfeiture, at or any time before, his sentencing. Defendant agrees that the forfeiture order will become final as to defendant's interests when entered by the Court.

Defendant expressly waives his right to have a jury determine forfeitability of his interest in the above identified property as provided by Rule 32.2(b)(5) of the Federal Rules of Criminal Procedure.

Defendant further waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, pronouncement of the forfeiture at sentencing, and incorporation of forfeiture in the judgment.

Defendant acknowledges that he understands that the forfeiture of property is part of the sentence that may be imposed in this case and waives his right to challenge any failure by the Court to advise him of his rights with respect to forfeiture, set forth in Fed. R. Crim. P. 11(b)(1)(J), at the time his guilty plea is accepted.

Defendant further agrees to hold the United States and its agents and employees harmless from any claims whatsoever in connection with the seizure and forfeiture of the property referenced above. Defendant knowingly, voluntarily, and intelligently waives any challenge to the above-described forfeiture including any challenge based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

### G.    Special Assessment

The defendant understands that he will be required to pay a special assessment of $200, due immediately upon sentencing.

In addition, under the Justice for Victims of Trafficking Act of 2015, 18 U.S.C. § 3014, the defendant will be required to pay a special assessment of $5,000, due immediately upon sentencing. However, if

the Court finds that the defendant is indigent, he will not be ordered to pay this amount.

In addition, pursuant to 18 U.S.C. § 2259A, the defendant understands that the Court may order an additional special assessment of up to $50,000 for any person convicted of a child pornography production offense, and up to $35,000 for any person convicted of a child pornography trafficking offense.

## 12.  SORNA

Defendant understands that by pleading guilty in this case, he will be required to register as a sex offender, under both federal and state registration requirements. As a condition of his release from prison on supervised release in this case, defendant will be obligated to promptly register under the federal sex offender registry. Defendant may also be required to register under the law of the state in which he resides, as well as any state where he has significant contacts (including any state where he resides, works, attends school or otherwise has significant contacts). Defendant further understands that he will be required to maintain and update his registration for at least twenty years, and potentially for the rest of his life.

## 13.    Appeal Waiver

The defendant waives any right he may have to appeal his conviction on any grounds. The defendant also waives any right he may have to appeal his sentence on any grounds, unless his sentence of imprisonment exceeds 600 months.

## 14.    Collateral Review Waiver

The defendant retains the right to raise claims alleging ineffective assistance of counsel or prosecutorial misconduct, as long as the defendant properly raises those claims by collateral review under 28 U.S.C. § 2255. The defendant also retains the right to pursue any relief permitted under 18 U.S.C. § 3582(c), as long as the defendant properly files a motion under that section. The defendant, however, waives any other right he may have to challenge his conviction or sentence by collateral review, including, but not limited to, any right he may have to challenge his conviction or sentence on any grounds under 28 U.S.C. § 2255 (except for properly raised ineffective assistance of counsel or prosecutorial misconduct claims, as described above), 28 U.S.C. § 2241, or Federal Rule of Civil Procedure 59 or 60.

## 15.    Remedies for Withdrawal, Breach, Rejection, or Vacatur

If the defendant is allowed to withdraw his guilty plea(s) or breaches this agreement, or if the Court rejects this agreement, or if the defendant's conviction or sentence under this agreement is vacated, the government may reinstate any charges against the defendant that were dismissed as part of this agreement and may file additional charges against the defendant relating, directly or indirectly, to any of the conduct underlying the defendant's guilty plea or any relevant conduct. If the defendant has been permitted to plead guilty to a lesser-included offense, the government may also reinstate any charges or file any additional charges against the defendant for the greater offense, and the defendant waives his double-jeopardy rights with respect to the greater offense. If the government reinstates any charges or files any additional charges as permitted by this paragraph, the defendant waives his right to challenge those charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

**16.    Use of Withdrawn Guilty Plea**

The defendant agrees that if he is permitted to withdraw his guilty plea for any reason, he waives all of his rights under Federal Rule of Evidence 410, and the government may use his guilty plea, any statement that the defendant made at his guilty plea hearing, and the factual basis set forth in this agreement, against the defendant in any proceeding.

**17.    Parties to Plea Agreement**

Unless otherwise indicated, this agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

**18.    Scope of Plea Agreement**

This plea agreement is the complete agreement between the parties and supersedes any other promises, representations, understandings, or agreements between the parties concerning the subject matter of this agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to the defendant or to the attorney for the defendant at any time before the defendant pleads guilty are binding except to the

extent they have been explicitly incorporated into this plea agreement. If the parties have entered, or subsequently enter, into a written proffer or cooperation agreement, though, this plea agreement does not supersede or abrogate the terms of that agreement. This plea agreement also does not prevent any civil or administrative actions against the defendant, or any forfeiture claim against any property, by the United States or any other party.

## 19. Acceptance of Agreement by Defendant

This plea offer expires unless it has been received, fully signed, in the United States Attorney's Office by **5:00 p.m. on July 14, 2023**. The government may withdraw from this agreement at any time before the defendant pleads guilty.

Dawn N. Ison
United States Attorney

_Anthony P Vann_
Anthony Vance
Chief, Branch Offices
Assistant United States
Attorney

_Katharine Hemann_
Katharine Hemann
Assistant United States
Attorney

Dated:   July 10, 2023

By signing below, the defendant and his attorney agree that the
defendant has read or been read this entire document, has discussed it
with his attorney, and has had a full and complete opportunity to confer
with his attorney. The defendant further agrees that he understands
this entire document, agrees to its terms, has had all of his questions
answered by his attorney, and is satisfied with his attorney's advice and
representation.

_Bryan Sherer_
Bryan Sherer
Attorney for Defendant

_P. Pejic_
Petar Vuk Pejic
Defendant

Dated:   7-23-23

Page **26** of **26**